IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROMANCEE OSHAY GEORGE, | ) | |
|     Petitioner, | ) | Civil Action No. 7:20-cv-00469 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN, USP LEE, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Romancee Oshay George, a federal inmate proceeding *pro se*, filed a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In it, he challenges his April 2016 carjacking conviction in Case No. 1:15-cr-20717-JAL, in the United States District Court for the Southern District of Florida. He claims that he is actually innocent of carjacking, and his entire petition is devoted to what he sees as factual problems with the evidence against him. Because the court concludes that he cannot satisfy the requirements for proceeding under § 2241, the court will dismiss his petition for lack of jurisdiction.

**I. BACKGROUND**

George pled guilty to carjacking, in violation of 18 U.S.C. § 2119, and was sentenced to 175 months, to be followed by three years of supervised release. *United States v. George*, No. 1:15-cr-20717 (S.D. Fla.). Judgment was entered against him on April 29, 2016. *Id.*, ECF No. 69. George appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed his conviction in a per curiam opinion. *United States v. George*, No. 16-12294 (11th Cir. Sept. 18, 2017).

In 2018, George filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in the Southern District of Florida, which the court denied. *George*, No. 1:15-cr-20717, ECF Nos. 93, 94. More recently, in 2019, he filed another § 2255 motion in the same court, docketed as No. 1:19-cv-25121. A magistrate judge issued a report recommending that the case be dismissed for lack of jurisdiction. *Id.*, ECF No. 7. George objected, *id.*, ECF No. 8, but

the district court adopted the magistrate judge's report as supplemented by the district court's additional reasoning. *Id.*, ECF Nos. 11, 12. Specifically, the court agreed with the magistrate judge that it lacked jurisdiction over the motion because it was a second § 2255 motion and George had not received permission from the Eleventh Circuit to file it, and the court further concluded that the claims George raised were not cognizable in a § 2255 motion. *Id.*, ECF No. 11.

## II. DISCUSSION

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[1]

Section 2255 is inadequate or ineffective to test the legality of a conviction only when the following three requirements are met:

1. At the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

3. The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.[2]

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). These requirements are jurisdictional. Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must meet the *Jones* test

---

[1] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

[2] The gatekeeping provisions of § 2255(h) require a prisoner, before filing a "second or successive" § 2255 motion, to receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. *Lester*, 909 F.3d at 710–11 (citing 28 U.S.C. § 2255(h)(1)–(2)).

for the district court to have jurisdiction to evaluate the merits of his claims. *See United States v. Wheeler*, 866 F.3d 415, 423–26 (4th Cir. 2018).[3]

George's petition does not identify *any* change in substantive law relative to his conviction, let alone one that renders the conduct for which he was convicted no longer criminal, a required by *Jones*. Indeed, he does not even cite to a single case in his entire petition. He merely argues that the facts of his case do not support his conviction. Accordingly, the court finds that George fails to meet the *In re Jones* standard to show that § 2255 is inadequate and ineffective to test the legality of his conviction, and his claims cannot be addressed under § 2241.

### III. CONCLUSION

For the reasons stated herein, George cannot proceed under § 2241 and his petition must be dismissed for lack of jurisdiction.[4] An appropriate order will be entered.

Entered: September 28, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3] The standard is slightly different where a petitioner argues that § 2255 is inadequate or ineffective to test the legality of his sentence, as opposed to his conviction. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). George does not appear to be challenging his sentence, but, regardless, his petition does not satisfy the requirements of *Wheeler*, either.

[4] The court finds it inappropriate to construe George's motion as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. *See* § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977). Second, George already has filed an initial § 2255 motion in the court of his conviction, and he also filed a second one, which was recently dismissed. In order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals, *see* § 2255(h), and George has not. Accordingly, transfer of his clearly successive § 2255 motion to the sentencing court would not be in the interests of justice or judicial economy. Therefore, the court declines to treat George's petition as a § 2255 motion or to transfer it.